IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES ALLEN THOMPSON, #A0131160, <br><br> Petitioner, <br><br> vs. <br><br> TODD THOMAS, CLAYTON A. FRANK, FRANK LOPEZ, <br><br> Respondents. | CIVIL NO. 08-00218 SOM-LEK <br><br> ORDER DIRECTING AN ANSWER TO BE FILED AND APPOINTING COUNSEL |

**ORDER DIRECTING AN ANSWER TO BE FILED AND APPOINTING COUNSEL**

On May 13, 2006, *pro se* Petitioner James Allen Thompson, a Hawaii prisoner incarcerated at the Saguaro Correctional Facility, located in Eloy, Arizona, filed a petition under 28 U.S.C. § 2254, and a Memorandum in Support of the Petition.  Thompson concedes that at least one of his claims, relating to the need for additional DNA testing, is unexhausted. It is unclear if all of his other claims are fully exhausted. Thompson seeks a stay of this proceeding until he is able to fully exhaust his DNA claim.

After careful review of the Petition, Memorandum in Support and its exhibits, the court **ORDERS** Respondent to submit a limited Answer to the Petition, as directed below.  The court also **REFERS** this matter to the Office of the Federal Public Defender for the District of Hawaii, requesting that it represent

Thompson in this action, to the extent this action remains in the federal court.

## I.  BACKGROUND[1]

Thompson challenges his judgment of conviction, entered by the Circuit Court of the First Circuit, State of Hawaii ("circuit court") on January 10, 2001, convicting him of: seven counts of sexual assault in the first degree, in violation of Hawaii Revised Statutes (Haw. Rev. Stat.) § 707-730(1)(a) (1993); two counts of attempted sexual assault in the first degree, in violation of Haw. Rev. Stat. §§ 705-500 and 707-730(1)(a) (1993); eight counts of sexual assault in the third degree, in violation of Haw. Rev. Stat. § 707-732(1)(e) (1993); one count of sexual assault in the fourth degree, in violation of Haw. Rev. Stat. § 707-733(1)(b) (1993); and two counts of kidnapping in the first degree, in violation of Haw. Rev. Stat. § 707-720(1)(d) (1993).

Thompson directly appealed his conviction, arguing that the circuit court erred by: "(1) denying his motion to suppress the identifications by the complaining witnesses; (2) denying his

---

[1] The facts herein are taken from the Petition and its exhibits, and from *State v. Thompson*, 90 P.3d 883 (unpub.) (Haw. 2004) ("*Thompson I*"), and *Thompson v. State*, 168 P.3d 606, 115 Haw. 476 (unpub.) (Haw. App. 2007) ("*Thompson II*").  These details are provided only to provide context, not as factual findings by this court, as the court does not have a full record and the parties may dispute this account.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001) (a court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein).

motions to dismiss the indictment with prejudice; (3) denying his motion for severance of the counts against him; and (4) failing to adequately instruct the jury." *Thompson* I, 2007 WL 1207506 *1.

On June 2, 2004, the Hawaii Supreme Court affirmed Thompson's conviction in a summary disposition order. *Id.* Thompson did not seek a writ of certiorari from the United States Supreme Court.

One year later, on June 2, 2005, Thompson, represented by counsel, filed a post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure ("Haw. R. Penal P."). Thompson alleged: (1) ineffective assistance of *trial* counsel, based on counsel's failure to: (a) adequately investigate and prepare for trial, (b) independently test the DNA evidence, (c) consult with a DNA expert regarding the State's DNA testing and results, (d) present exculpatory evidence and adequately cross-examine witnesses, and (e) renew Thompson's motion to sever the counts against him during trial; (2) ineffective assistance of *appellate* counsel based on appellate counsel's failure to conform Thompson's brief(s) to the requirements of Haw. R. App. P. Rules 28(b)(4) and 30; and (3) the denial of due process when the circuit court: (a) denied his motion to sever the counts, (b) failed to adequately instruct the jury, (c) denied his motion to suppress the complaining witnesses' identifications; (d) denied

his motion to dismiss based on prosecutorial misconduct in the form of the prosecutor's elicitation of evidence that no similar sexual assaults had occurred after Thompson's arrest, and (e) sentenced him to an extended term of imprisonment without a jury finding that an extended term was necessary for protection of the public.

On November 4, 2005, the circuit court denied Thompson's Rule 40 petition, finding that Thompson's claims were patently frivolous and without a trace of support either in the record or from other evidence submitted by him and that he had, therefore, failed to state a claim on which to grant relief.

Thompson appealed this decision to the Hawaii Intermediate Court of Appeals ("ICA"), arguing that the circuit court erred in denying his Rule 40 Petition without a hearing because he had presented the following colorable claims:

> (1) His trial counsel was ineffective in not independently testing physical evidence, specifically the shirt of one of the complaining witnesses, for DNA analysis and in failing to consult an independent DNA expert regarding the State's DNA testing and results.
>
> (2) His appellate counsel was ineffective in failing to conform Thompson's brief(s) to HRAP Rule 28(b)(4), causing the Hawai'i Supreme Court to hold that Thompson had waived his claims of error.
>
> (3) His appellate counsel was ineffective in failing to conform Thompson's brief(s) to HRAP Rule 30 as to his appeal of the denial

4

>     of his motion to suppress the complaining
>     witnesses' identifications.
>
>     (4) His appellate counsel was ineffective in
>     failing to conform Thompson's brief(s) to
>     HRAP Rule 28(b)(4), causing the Hawai‘i
>     Supreme Court to hold that Thompson had
>     waived his claims of error as to the jury
>     instructions and had failed to demonstrate
>     plain error.

*Thompson II*, 2007 WL 2758740 *2.

On September 24, 2007, the ICA affirmed the circuit court's denial of Thompson's Rule 40 petition, holding that each of Thompson's claims was without merit.  On February 13, 2008, the Hawaii Supreme Court denied Thompson's petition for writ of certiorari.  Ninety days later, on May 13, 2008, Thompson filed this federal Petition.

Thompson's present Petition lists seven grounds for relief:

   [(1)]    Actual Innocence and Denial of Due Process
            Merit Relief on Petitioner's Constitutional
            Claims.

   [(2)]    Ineffective Assistance of Appellate Counsel
            Denied Petitioner His Sixth Amendment Right
            to Counsel As Well as 14th Amendment Due
            Process.

   [(3)]    Unconstitutionally Suggestive Identification
            Procedures Violated Petitioner's Right to Due
            Process By Causing Him To Be Wrongly
            Convicted on Unconstitutionally Unsound
            Evidence.

   [(4)]    Petitioner Was Denied His Fifth Amendment
            Right Against Double Jeopardy When He Was
            Tried Multiple Times After Prosecutors
            Provoked A Mistrial Through Misconduct.

    [(5)]        The Cumulative Prejudice Created By Pervasive Wrongdoing and Error in Petitioner's Trial Rose To The Level Where It Denied Petitioner the Due Process of Law.

    [(6)]        Petitioner Was Given An Unconstitutional Extended Sentence Based On Extrinsic Facts Not Found By A Jury, In Violation of His Sixth Amendment Right To A Jury Trial.

    [(7)]        The AEDPA Statute of Limitations Is Unconstitutional On the Basis of Separation of Powers and as Applied to Petitioner Because It Denies Him Due Process.

(Mem. in Support of Pet. 6.)

        Thompson asks the court to order Respondents to respond to his Petition, grant the writ, and reverse his criminal conviction. In the alternative, Thompson seeks a stay of the Petition while he pursues further DNA testing and "all other relief appropriate in the premises."[2]  (Pet. 30)

## II.  **LEGAL STANDARD**

        The exhaustion of available state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner must exhaust all adequate and available state court judicial remedies by presenting to the highest state court a fair opportunity to rule on the merits of every issue sought to be raised in the federal court. *See*

---

[2] The court understands this statement to mean that Thompson seeks a stay while he pursues additional DNA testing and seeks further post-conviction relief in the state court.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Unless another avenue of relief is mandated by state law, a petitioner may present his claim either on direct appeal or in state collateral proceedings. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).

At one time, district courts were required to dismiss "mixed" habeas petitions, that is, petitions containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). A petitioner who had filed a mixed petition could choose (1) to amend the petition by deleting the unexhausted claims, or (2) to dismiss the petition and pursue the unexhausted claims in state court. *Id.* at 510; *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005). Now, however, the court has discretion to stay a mixed habeas petition "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269, 271 (2005).

Stays of mixed petitions are only available in limited situations, when the court determines that the petitioner had good cause for his failure to exhaust, his claims are not plainly meritless, and he has not engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-78. While not explicitly defining what constitutes "good cause," the Ninth Circuit has

held that the appropriate standard for determining "good cause" justifying a stay of a mixed petition is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

### III. <u>DISCUSSION</u>

Thompson concedes that he has not fully exhausted all of his claims. Specifically, he states that he is in the process of pursuing his "actual innocence" claim, Ground One, by seeking to have the evidence in his case subjected to "mini-STR" DNA testing, which he alleges will conclusively show that the DNA found on one victim's T-shirt did not belong to him. (Mem. in Support 14.) It is unclear if Thompson has already filed a petition in the state court to allow this DNA evidence to be tested and admitted under Haw. Rev. Stat. § 844D121 *et. seq.*, or if he is independently pursuing the DNA testing and intends to file a post-conviction petition thereafter. Nonetheless, it is clear that Thompson has not exhausted his claim of actual innocence based on possible contradictory DNA results through the state courts.

It is also unclear, based on the record presently before the court, whether Thompson "fairly presented" all of his claims to the state courts as federal as well as state law claims. *See Baldwin v. Reese*, 541 U.S. 27, 27-28 (2004). A review of Thompson's Opening Brief on Appeal, filed in his direct

appeal, reveals that many of his claims there relied exclusively on state law and could not have alerted the state courts that Thompson was pursuing federal as well as state claims. While this deficiency appears to be cured to some extent in Thompson's Rule 40 post-conviction petition, *see* Ex. 2, this court does not have a copy of Thompson's memorandum in support of that petition; this court has only the petition itself. Thompson's double jeopardy claim on direct appeal, however, specifically rejected the federal standard of review for such a claim, and relied on the arguably more lenient state law. (*See* Ex. 1, Op. Br. on Appeal, 38.) This claim does not appear to have been raised in his Rule 40 petition, and cannot, therefore, have been presented as a federal claim.

As Thompson notes in his Memorandum, his claims are governed by the statute of limitation set forth in 28 U.S.C. § 2244(d)(1), and he took this into account when he filed his Petition. While not here determining whether the statute of limitation has been met or has expired, this court notes that the Petition appears to have been timely filed by operation of the prison mailbox rule,[3] albeit very close to the expiration of the statute of limitation. The statute of limitation has certainly

---

[3] *See Houston v. Lack*, 487 U.S. 266 (1988) (providing that a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail); *see also* Rule 3(d) of the Rules Governing Section 2254 Proceedings (incorporating the prison mailbox rule).

9

now expired.  Thus, if the court dismisses the Petition while Thompson pursues his claims in the state court, he would be time-barred from bringing his claims back to the federal court.

Thompson appears to have diligently pursued his claims and has not engaged in abusive litigation tactics or intentional delay.  Moreover, while making no determination as to the merits of Thompson's claims, this court views his assertion of actual innocence as colorable and not plainly meritless.  In other words, a stay while Thompson pursues further DNA testing and full exhaustion of his claims is likely warranted in this instance.

The court is not inclined to grant Thompson's request for a stay, however, without input from Respondents.  The court would benefit from a *limited* response by the State to the Petition and to Thompson's request for a stay.  Respondents are therefore **ORDERED** to file a limited, preliminary Answer to the Petition **on or before June 19, 2008.**[4]  Respondents should address whether Thompson's claims in Grounds Two through Six have been fairly presented as federal claims and are fully exhausted.[5]

---

[4] Respondents commonly ask for and receive an extension of time to file an Answer.  Respondents are notified that the court will not extend this deadline absent extraordinary circumstances that prevent a timely filing.

[5] Thompson concedes that Ground One is unexhausted. Respondents therefore need not address Ground One, except with respect to whether Respondents think a stay is not warranted based on this claim.  Ground Seven, challenging the constitutionality of the Anti-Terrorism and Effective Death
(continued...)

Respondents should provide **only the relevant** state court documents in support and limit the Answer to no more than 20 pages, excluding exhibits.[6]  Respondents may address any other relevant procedural issues, such as the statute of limitation as applied to Thompson's claims.  Respondents **should not address the merits** raised by the Petition at this time, because it is clear that the Petition is at least mixed.  To clarify, the issue Respondents should address is whether the Petition must be dismissed without prejudice as entirely unexhausted, or whether the Petition is mixed, and, if mixed, whether Thompson qualifies for a stay of these proceedings until exhaustion is completed.

Given the nature and apparent complexity of the claims presented here, and the Petition's procedural posture, the court believes that the appointment of counsel is in the interests of justice.  *See* 18 U.S.C. § 3006A(a)(2)(B).  This court is authorized to appoint counsel when the interests of justice dictate for prosecution of Thompson's claims *while they remain in the federal court*.[7]  *Id.*  Accordingly, the court refers this

---

[5](...continued)
Penalty Act ("AEDPA"), is also unexhausted.

[6] To save space, Respondents may incorporate by reference the court's recitation of the procedural background of this case, if they determine that this discussion is accurate.

[7] This court has no authorization to appoint counsel to litigate Thompson's claims in the state court.  *See generally In re Lindsey*, 875 F.2d 1502, 1506-07 (11th Cir. 1989).  Every court
(continued...)

matter to the Federal Public Defender's Office for the District of Hawaii.  *See* 18 U.S.C. § 3006A.  The Federal Public Defender shall have 15 from the date the Answer is filed to consult with Thompson and to represent him if he so agrees, or to indicate to the court its inability to represent him or decision not to represent him in these proceedings.  If the appointment is accepted, counsel shall promptly file a notice of appearance in this case.  Appointed counsel will then represent Thompson in all *federal* proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

Appointed counsel, or, if appointment is declined, Thompson himself (but not both appointed counsel and Thompson), may file a Reply to Respondents' Answer within 45 of its filing.  Any Reply shall be no more than 20 pages.

## IV. CONCLUSION

IT IS HEREBY ORDERED THAT:

1.  Respondents shall file a limited Answer to the Petition and to Thompson's request to stay these proceedings on or before June 19, 2008.  The Answer shall be no more than 20 pages.

---

[7](...continued)
that has addressed this issue agrees that Congress did not intend federal resources to be used for the purposes of investigating, identifying, and exhausting claims in state court. *See House v. Bell*, 332 F.3d 997, 998-99 (6th Cir. 2003); *King v. Moore*, 312 F.3d 1365, 1366 (11th Cir. 2002); *Sterling v. Scott*, 57 F.3d 451, 455-58 (5th Cir.1995); *Hill v. Lockhart*, 992 F.2d 801, 803-04 (8th Cir. 1993).

Respondents must serve the Answer both on Thompson and on the Federal Public Defender.

     2.   The Federal Public Defender's Office is APPOINTED to represent Thompson in all federal proceedings. The Federal Public Defender shall either file a notice of appearance on behalf of Thompson on or within 15 days of the date the Answer is filed or inform the court that it declines representation.

     3.   If the Federal Public Defender accepts appointment as counsel, that office may file a Reply to the Answer on or within 45 days after the Answer is filed. If, however, appointment of counsel is declined, Thompson himself may file a Reply to the Answer on or within 45 days after the Answer is filed. The Reply shall be no more than 20 pages.

     4.   The Clerk is DIRECTED to serve a copy of this Order on Thompson, and to send the Order, the Petition, and the Memorandum in Support to Mark Bennett, Attorney General, State of Hawaii; to Peter Carlisle, Prosecutor, City and County of Honolulu; and to Peter Wolff, Federal Public Defender for the District of Hawaii.

     IT IS SO ORDERED.

     DATED: Honolulu, Hawaii, May 19, 2008.



     /s/ Susan Oki Mollway
     Susan Oki Mollway
     United States District Judge

Thompson v. Thomas, et al.; CIV. NO. 08-00218 SOM-LEK; ORDER DIRECTING AN ANSWER TO BE FILED AND APPOINTING COUNSEL; dmp/OSC 08/Thompson 08-218 (hab init rev. & apptcoun)