IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES ALLEN THOMPSON, #A0131160, | ) ) ) | CIVIL NO. 08-00218 SOM-LEK |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER STAYING ACTION |
| TODD THOMAS, CLAYTON A. FRANK, FRANK LOPEZ, | ) ) ) ) | |
| Respondents. | ) ) | |

**ORDER STAYING ACTION**

On May 13, 2006, *pro se* Petitioner James Allen Thompson, a Hawaii prisoner incarcerated at the Saguaro Correctional Facility, located in Eloy, Arizona, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, and a Memorandum in Support.

After reviewing Thompson's Petition and Memorandum in Support, the court ordered Respondents to file a limited Answer to the Petition. (Doc. No. 5, "Order Directing An Answer to be Filed and Appointing Counsel.") The court directed Respondents to "address [] whether the Petition must be dismissed without prejudice as entirely unexhausted, or whether the Petition is mixed, and, if mixed, whether Thompson qualifies for a stay of these proceedings until exhaustion is completed." (*Id.* at 11.)

The court also referred the Petition to the Office of the Federal Public Defender for the District of Hawaii, requesting that it represent Thompson in this action, to the

extent this action remains in the federal court.  The Federal Public Defender entered his notice of appearance on May 19, 2008. (Doc. No. 6.)

On June 17, 2008, Respondents filed their Response to the Petition.  (Doc. No. 7.)  Respondents argue that the Petition is entirely unexhausted because Thompson failed to "fairly present" each of his claims as premised on federal as well as state law.  *See Baldwin v. Reese*, 541 U.S. 27, 27-28 (2004); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  Respondents therefore argue that the Petition must be dismissed in its entirety.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

On July 17, 2008, Thompson, represented by the Federal Public Defender, filed his Reply.  (Doc. No. 9.)  Thompson argues that the Petition is a "mixed petition," because, although most of his claims are fully exhausted, his claim of actual innocence based on the possibility of new, exculpatory DNA evidence, must still be pursued in the state courts.

For the following reasons, the court finds that the Petition is a mixed petition, containing both exhausted and unexhausted claims.  The court further finds that Petitioner qualifies for a stay of this action while he seeks resolution and exhaustion of his unexhausted claims in the state courts.  This Action is hereby STAYED subject to the conditions enumerated below.

### I. Legal Standard

A district court has discretion to stay a mixed habeas petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition. *Rhines v. Weber*, 548 U.S. 269, 271 (2005). Stays are only available in limited situations, when the district court determines that the petitioner had good cause for his failure to exhaust, his claims are not plainly meritless, and he has not engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-78. While not explicitly defining what constitutes "good cause," the Ninth Circuit has held that the appropriate standard for determining "good cause" justifying a stay of a mixed petition is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

### II. DISCUSSION

The court and the parties have already set forth the background of Thompson's conviction and state court challenges to that conviction, and the court need not repeat it for the purposes of this Order.

Thompson concedes that he has not exhausted his "actual innocence" claim, presented in Ground One. Ground Seven is also unexhausted, as this is not a question that may be resolved by a

state court.[1]  The issue remaining is whether *any* of Thompson's other Grounds are exhausted, allowing the court to stay the Petition, or, as Respondents argue, whether the Petition is fully unexhausted and must be dismissed.

A.    <u>Grounds Three, Four, Five, and Six are Exhausted.</u>

The court has carefully read Thompson's briefs filed in his direct appeal and in his Rule 40 Petition through its appeal. Thompson filed the Petition *pro se*, and the claims in the present Petition are somewhat inartfully pled and may not perfectly coincide with the claims that were presented to the state courts. However, it is clear that Thompson has exhausted the claims

---

[1] The court notes, without so holding, that this claim is unlikely to be successful, as this argument has been soundly rejected throughout the federal courts. *See e.g.*, *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) ("AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause."); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113 (2d Cir.), *cert. denied*, 531 U.S. 873 (2000); *Hampton v. M.K. Madding*, 232 F.3d 894 (6th Cir. 2000) (table) (unpub.) (available at 2000 WL 800724), *cert. denied*, 531 U.S. 1081 (2001); *Wyzykowski v. Dep't of Corrections*, 226 F.3d 1213, 1216-17 (11th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390 (5th Cir. 1999); *Davis v. Bumgarner*, 201 F.3d 435 (4th Cir. 1999) (table) (unpub.) (available at 1999 WL 1032617); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998) *cert. denied*, 525 U.S. 891; *Lindh v. Murphy*, 96 F.3d 856, 867-68 (7th Cir. 1996), *rev'd on other grounds*, 117 S. Ct. 2059 (1997).  The Supreme Court has recently lent support to these holdings by stating that the purpose of AEDPA's statute of limitations is not to punish federal habeas petitioners but to "encourage litigants . . . to file their federal habeas petitions as soon as possible." *Lawrence v. Florida*, --- U.S. ----, 127 S. Ct. 1079, 1083 (2007) (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

4

presented in Grounds Two, Three, Four, Five, and Six by fairly presenting them to the state courts as federal claims.

Grounds Three[2] and Four[3] were exhausted on direct appeal when Thompson cited federal law in support of these claims and described their factual bases to the Hawaii Supreme Court. By doing so, Thompson "fairly presented" these claims to the Hawaii Supreme Court as brought under both state and federal law. *See Baldwin*, 541 U.S. at 32.

Thompson exhausted his claims in Ground Five[4] when he cited federal law throughout his opening brief on direct appeal

---

[2] Ground Three alleges a due process violation based on allegedly unconstitutional identification procedures. In support of Ground Three in state court, Thompson cited *United States v. Wade*, 388 U.S. 218 (1967), and *Neil v. Biggers*, 409 U.S. 188 (1972). (*See* Ans. App. B at 30-31.)

[3] Ground Four alleges a violation of the double jeopardy clause of the Fifth Amendment. In support of this claim in state court, Thompson cited *Oregon v. Kennedy*, 465 U.S. 667 (1982), which held that double jeopardy precludes retrial after prosecutorial misconduct that was intended to provoke a mistrial. (*See* Ans. App. B. at 38.) Thompson not only argued that the trial judge incorrectly relied on *Kennedy*'s federal standard rather than the state standard of review for double jeopardy issues, but also that the trial court misapplied *Kennedy*'s standard to the facts in his case, and that, if properly applied, *Kennedy* itself would have precluded retrial. (*Id.* (arguing that the excluded hair fiber evidence "caused the State to *either force a mistrial* or get the evidence in through improper cross-examination.") (emphasis added)).

[4] Ground Five alleges that due process was violated by "pervasive wrongdoing and error" in the trial.

5

in support of his numerous claims of due process violations.[5] Although Thompson's due process claims in Ground Five are somewhat nonspecific, this can be remedied by his counsel after state judicial remedies are completed and the Petition is brought properly to this court.

Ground Six, Thompson's *Apprendi*[6] claim, was explicitly presented as a federal claim in his Rule 40 petition. (*See* Ans. App. G at 3.) Although Thompson did not reiterate the federal basis for this claim on appeal to the Hawaii Intermediate Court of Appeals ("ICA"), he did so implicitly in his petition for certiorari to the Hawaii Supreme Court, when he cited *State v. Maugaotega*, 168 P.3d 562 (Haw. 2007) ("*Maugaotega II*"). Citation to a state case alone is normally insufficient to alert the state court that the petitioner is also making a federal claim. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004) (holding that unless the petitioner clearly alerts the state court that he is

---

[5] Thompson argued on direct appeal that due process was violated when the trial court failed to sever the charges against him, incorrectly instructed the jury, and failed to grant a mistrial for prosecutorial misconduct. Thompson cited *Berger v. United States*, 295 U.S. 78 (1935), *United States v. Dockery*, 953 F.2d 50 (D.C. Cir. 1992), *United States v. Stubbins*, 887 F.2d 42 (11th Cir. 1989), *United States v. Miller*, 883 F.2d 1540 (11th Cir. 1989), *Hirst v. Gertzen*, 676 F.2d 1252 (9th Cir. 1982), *United States v. Pisari*, 636 F.2d 855 (1st Cir. 1981), *United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977), *United States v. Foutz*, 540 F.2d 733, 738 (4th Cir. 1976), *United States v. Buchanan,* 930 F. Supp. 657 (D.C. Mass. 1996). (*See* App. B, 33-37, 39, 43.)

[6] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

alleging a specific federal constitutional violation, the petitioner has not fairly presented the claim); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion."). Here, however, the citation to *Maugaotega II* clearly alerted the Hawaii Supreme Court that Thompson was reasserting his *Apprendi* claim.

First, *Maugaotega II* was the first Hawaii case to hold, after seven years of contrary Hawaii precedent, that, in light of *Cunningham v. California*, 549 U.S. 270 (2007), Hawaii's extended-term sentencing regime was unconstitutional under *Apprendi* and its progeny. *See Maugaotega II*, 168 P.3d at 576-77. Consequently, *Maugaotega II* effectively overruled Hawaii's prior case law upholding Hawaii's extended-sentencing statutory scheme. Moreover, *Maugaotega II* was decided only three months before Thompson filed his certiorari petition. Citation to *Maugaotega II*, therefore, should have been sufficient to alert the Hawaii Supreme Court to the federal basis of the claim.

Second, Thompson's attorney explained in his certiorari petition that he did not pursue this claim on appeal to the ICA because that avenue was foreclosed by Hawaii state law precedent refusing to recognize that *Apprendi*'s holding applied to Hawaii's extended-sentencing scheme. (Ans. App. M. 1 n.1.) This, too, should have alerted the Hawaii Supreme Court to the difficulties

Thompson faced in presenting this claim to the Hawaii courts, and his assertion of this federal claim.

Third, Thompson's failure to exhaust this claim by repetitive citation to federal law in his direct appeal and during his Rule 40 proceedings may be excused under the futility doctrine.  Until *Maugaotega II* was decided, Thompson could reasonably have believed that rejection of his *Apprendi* claim was assured in the state courts.  *See Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981).[7]  Thus, Ground Six is exhausted.

B. Ground Two Appears Unexhausted.

The court is not convinced that Ground Two, Thompson's claim of ineffective assistance of appellate counsel, is exhausted.  In his Rule 40 Petition, Thompson argued that the ineffective assistance of his appellate counsel constituted a violation of "*due process* under the federal and state constitutions."  (App. G ¶ 10.B (emphasis added).)  Specifically, Thompson argued that his appellate counsel failed to conform his appellate brief(s) to Rules 28(b)(4) and 30 of the Hawaii Rules

---

[7] The court recognizes that *Sweet*'s futility doctrine has been called into doubt. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982); *Noltie v. Peterson*, 9 F.3d 802, 805-06 (9th Cir. 1993). Thompson's argument that the Supreme Court has, since *Engle* was decided, reached the merits of an unexhausted claim because it was "satisfied . . . that exhaustion would have been futile" is persuasive on this point, however. *Lynce v. Mathis*, 519 U.S. 433, 436 n.4 (1997). Moreover, *Sweet* has not been expressly overruled, and application of its futility doctrine here appears appropriate under the circumstances.

8

of Appellate Procedure.  Thompson cited no federal case law in support and did not allege that his ineffective assistance of counsel claim arose under the Sixth Amendment, as opposed to the due process clause of the Fifth Amendment.  On appeal to the ICA, and in his certiorari petition to the Hawaii Supreme Court, Thompson never again labeled this claim as brought under federal law, nor did he ever cite to federal case law in support of this claim.  (*See* Ans. App. I at 10-11; App. K (making no mention of appellate counsel); App. M at 11.)  Under the circumstances, it is not clear that this issue was "fairly presented" to the state courts.

The "mere mention of the federal Constitution as a whole, without specifying an *applicable* provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim."  *Fields v. Waddington,* 401 F.3d 1018, 1021 (9th Cir. 2005) (emphasis added); *see also Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005) (holding that exhaustion demands more than a citation to a general constitutional provision, detached from any articulation of the underlying federal legal theory).  Nor is a federal claim exhausted by a petitioner's mention, in passing, of a broad constitutional concept, such as due process.  *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (holding that "general appeals to broad constitutional principles, such as due process, equal protection, and the right

9

to a fair trial, are insufficient to establish exhaustion" (emphasis added)).

Thompson argues that *Baldwin* requires only that a claim be labeled "federal" to fairly present the claim.  541 U.S. 27, 32 (2004).  *Baldwin* dealt with an unexhausted claim of ineffective assistance of appellate counsel and is directly on point as requiring more.  In *Baldwin*, the Court stated that a petitioner "must 'fairly present' his claim in *each appropriate state court* (including a state supreme court with powers of discretionary review), thereby alerting *that* court to the federal nature of the claim."  *Id.* at 29 (emphasis added) (*citing O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan*, 513 U.S. at 365-366.  By failing to label this claim as "federal" in his appellate brief to the ICA or in his certiorari petition to the Hawaii Supreme Court, Thompson failed to fairly present his ineffective assistance of appellate counsel claim as a federal claim to either court.  *Baldwin*, 541 U.S. at 29.

Nor was the ICA or the Hawaii Supreme Court required to look back to Thompson's Rule 40 petition, presented only to the circuit court, "in order to find material, such as a lower court opinion in the case," to discover the presence of a federal claim.  *Baldwin*, 541 U.S. at 32.  Such a requirement "would impose a serious burden upon judges of state appellate courts, particularly those with discretionary review powers."  *Id.* at 31.

It appears to this court that Thompson did not fairly present his federal ineffective assistance of appellate counsel claim to either the ICA or the Hawaii Supreme Court, and it is therefore unexhausted. It is unnecessary for this court to conclusively rule on this issue at this time, however, because Thompson's claims may be resolved by a favorable decision in the state court when he presents his new Rule 40 petition to the state courts. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (stating that a pending state court challenge may result in the reversal of the petitioner's conviction, thereby mooting out the federal petition); *see also Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

C.  This Action is Stayed.

Thompson's claims are governed by the statute of limitation set forth in 28 U.S.C. § 2244(d)(1). As noted in the Order Directing An Answer to be Filed and Appointing Counsel, Doc. No. 5, the Petition appears to have been timely filed by operation of the prison mailbox rule. Because the statute of limitation is not tolled while a habeas petition is pending in the federal court, *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), it has now expired. Thus, if the court dismisses the Petition while Thompson pursues his claims in the state court, he would be time-barred from bringing his claims back to the federal court.

Thompson appears to have diligently pursued his claims and has not engaged in abusive litigation tactics or intentional delay.  Moreover, Thompson's claims are colorable and not plainly meritless.  The court finds that a stay of this action while Thompson pursues further DNA testing and full exhaustion of his claims in state court is warranted.  The court **STAYS THIS ACTION** until further notice.

### IV. CONCLUSION

IT IS HEREBY ORDERED THAT:

1.  This Action is **STAYED**.

2.  Thompson is given until **November 3, 2008**, to present his unexhausted claims to the Hawaii state courts pursuant to Rule 40 of the Hawaii Rules of Penal Procedure.

3.  Thompson is **DIRECTED** to immediately notify this court when a final decision is rendered by the Hawaii Supreme Court in his Rule 40 petition.  Upon notification, the court will lift the stay, and this action will proceed in this court.  Thompson may, at that time, move to amend the Petition as necessary.

4.  The parties' attorneys shall file quarterly written status reports with this court on the progress of Thompson's state court action.  The first report shall be filed on or before December 1, 2008, with subsequent reports due on February 2, 2009; May 1, 2009; August 3, 2009; December 1, 2009; and so forth.  The Clerk of Court is **DIRECTED TO ADMINISTRATIVELY CLOSE**

this case.  The action shall thereafter be reinstated upon Thompson's notification to the court that the Hawaii Supreme Court has rendered a final decision on his claims and that he is ready to proceed in this court.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, August 4, 2008.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

Thompson v. Thomas, et al.; CIV. NO. 08-00218 SOM-LEK; ORDER STAYING ACTION; dmp/Habeas 08/Thompson 08-218 (grtg stay of action)