IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES ALLEN THOMPSON, | ) CIVIL NO. 08-00218 SOM-KSC |
|         Petitioner, | ) ORDER GRANTING IN PART |
| | ) PETITIONER'S 28 U.S.C. § 2254 |
|   vs. | ) PETITION FOR WRIT OF HABEAS |
| | ) CORPUS BY A PERSON IN STATE |
| TODD THOMAS, Warden, Saguaro | ) CUSTODY |
| Correctional Facility; JODIE | ) |
| F. MAESAKA-HIRATA, | ) |
| (substituted for CLAYTON | ) |
| FRANK), Director, Department | ) |
| of Public Safety, State of | ) |
| Hawaii; JOE W. BOOKER, JR. | ) |
| (substituted for FRANK | ) |
| LOPEZ), Deputy Director for | ) |
| Corrections, Department of | ) |
| Public Safety, State of | ) |
| Hawaii; and DAVID M. LOUIE, | ) |
| Attorney General, State of | ) |
| Hawaii. | ) |
| | ) |
|         Respondents. | ) |
| _____ | ) |

**ORDER GRANTING IN PART PETITIONER'S 28 U.S.C. § 2254
PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

**I.      INTRODUCTION.**

Petitioner James Allen Thompson is serving concurrent
extended State of Hawaii sentences for twenty sexual assault and
two kidnapping convictions.  The longest of those sentences is
life imprisonment with the possibility of parole.  Pursuant to 28
U.S.C. § 2254, Thompson now seeks a writ of habeas corpus based
on Oregon v. Kennedy, 456 U.S. 667 (1982), and Apprendi v. New
Jersey, 530 U.S. 466 (2000).  Thompson contends that, under
Kennedy, his retrial was barred by double jeopardy when
prosecutorial misconduct caused a mistrial in his first trial.

He further makes an <u>Apprendi</u> argument, saying that his sentence
was wrongfully extended beyond the statutory maximum based on
facts not found by a jury.  The court agrees with Thompson on his
<u>Apprendi</u> claim, but disagrees that his retrial was barred by
<u>Kennedy</u>.  The court thus grants Thompson's petition in part.

II.        **FACTUAL BACKGROUND.**

Thompson was convicted by a jury in the Circuit Court
of the First Circuit of the State of Hawaii on twenty counts:
seven counts of sexual assault in the first degree in violation
of Haw. Rev. Stat. § 707-730(1)(a); two counts of attempted
sexual assault in the first degree in violation of Haw. Rev.
Stat. §§ 705-705, 707-730(1)(a); eight counts of sexual assault
in the third degree in violation of Haw. Rev. Stat.
§ 707-732(1)(e); one count of sexual assault in the fourth degree
in violation of Haw. Rev. Stat. § 707-733(1)(b); and two counts
of kidnapping in violation of Haw. Rev. Stat. § 707-720(1)(d).
Index of Exhibits to Thompson 2254 Habeas Petition ("Index"),
Ex. A, ECF No. 51-2; Amended Petition Under 28 U.S.C. § 2254 for
Writ of Habeas Corpus by a Person in State Custody at 4, ECF
No. 72.

Thompson was tried by a jury three times.  In the first
trial, which began on May 18, 1998, <u>see</u> Index at Ex. J at 2, a
mistrial was declared based on prosecutorial misconduct in the
form of the prosecutor's cross-examination of Thompson.  The

2

prosecutor asked Thompson, "[W]hy is there so much pubic hair in your car?" Index at Ex. VV at 6; Index at Ex. H at Ex. A. Although the trial court had admitted into evidence a "tape lifting" from Thompson's car that had hair on it, see Index at WW at 19-22, there had been no mention of pubic hair. Index at Ex. VV at 7. The trial court had earlier suppressed an analysis of hair found in Thompson's car because the prosecution had not timely turned the report over to the defense. See Index at Ex. YY at 65-66; Answer to Amended Petition for Writ of Habeas Corpus ("Answer") at 7, ECF No. 74. The trial court, finding the prosecutor's cross-examination question to have been prejudicial, Index at Ex. H at Ex. A, declared a mistrial, but denied Thompson's motion to dismiss the indictment based on double jeopardy upon determining that the prosecutor had not asked the offending question with the intent of causing a mistrial. Index at Ex. J at 3.

The jury in Thompson's second trial was hung. A third attempt to try the case was called off during jury selection when a defense witness was indicted. After a fourth jury selection process yielded a new jury, the third trial ended in the convictions noted above.

Thompson was sentenced on January 10, 2001. Index at A. Pursuant to Haw. Rev. Stat. § 706-662(4)(a), the trial court sentenced Thompson to prison terms beyond the statutory

3

maximums.  Index at Ex. A at 3-8.  At that time, section

706-662(4)(a) provided:

> A convicted defendant may be subject to an
> extended term of imprisonment under section
> 706-661, if the convicted defendant satisfies
> one or more of the following criteria:
>
> . . . .
>
> (4) The defendant is a multiple offender
> whose criminal actions were so extensive that
> a sentence of imprisonment for an extended
> term is necessary for protection of the
> public.  The court shall not make this
> finding unless:
>
> (a) The defendant is being sentenced for
> two or more felonies or is already under
> sentence of imprisonment for felony . . . .

Haw. Rev. Stat. Ann. § 706-662(4)(a) (LexisNexis 2001).  The

trial court considered Thompson a multiple offender because he

was being sentenced to two or more felonies.  Index at Ex. A

at 4.  The trial court also ruled that extended terms were

necessary for the protection of the public based on a number of

specific facts, including the violent nature of Thompson's

crimes.  Id. at 4-5.

For the first-degree sexual assault counts and the

attempted first-degree sexual assault counts, the trial court

extended Thompson's maximum sentence from twenty years to life in

prison with the possibility of parole.  For the sexual assault in

the third degree counts, the trial court extended Thompson's

maximum sentence from five years to ten years in prison.  For the

kidnapping counts, the court extended Thompson's maximum sentence from ten years to twenty years in prison. Thompson was also sentenced to one year in prison for the one count of sexual assault in the fourth degree. Index, Ex. A; Petition at 4. His sentences are being served concurrently. Id.

Thompson appealed his conviction and sentence to the Hawaii Supreme Court. On June 2, 2004, the Hawaii Supreme Court affirmed in a summary disposition order. Index at Ex. T; Hawaii v. Thompson, 104 Haw. 386, 90 P.3d 883 (2004). On June 2, 2005, Thompson petitioned the trial court for post-conviction relief under Rule 40 of the Hawaii Rules of Penal Procedure. Index at Ex. V. His petition was denied on November 4, 2005. Index at Ex. W at Appendix A. That order was affirmed by the Intermediate Court of Appeals of the State of Hawaii on September 24, 2007, in a summary disposition order. Index at Ex. Z; Thompson v. Hawaii, 115 Haw. 476, 168 P.3d 606 (Ct. App. 2007). The Hawaii Supreme Court denied Thompson's certiorari petition on February 13, 2008. Index at Ex. AA.

On May 13, 2008, Thompson filed a § 2254 petition in this court. On May 19, 2008, because Thompson had filed a mixed petition containing both exhausted and unexhausted claims, this court stayed the action while Thompson sought resolution and exhaustion of his unexhausted claims in state court. Order Staying Action, ECF No. 10. The stay was lifted on August 30,

5

2011.  ECF No. 47.  On June 14, 2012, Thompson filed the amended § 2254 petition and supporting memorandum now before this court. ECF Nos. 72, 73.

III.     **LEGAL STANDARD.**

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, imposes a "highly deferential standard for evaluating state-court rulings."  <u>Renico v. Lett</u>, 130 S. Ct. 1855, 1862 (2010) (quoting <u>Lindh v. Murphy</u>, 521 U.S. 320, 334 (1997)).  It "demands that state-court decisions be given the benefit of the doubt."  <u>Id.</u> (quoting <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002) (per curiam)).

Under § 2254(d):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A legal principle is 'clearly established' within the meaning of [§ 2254(d)] only when it is embodied in a holding of

[the United States Supreme] Court." Thaler v. Haynes, 130 S. Ct. 1171, 1173 (2010). A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," when "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or when "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000). Accord Thaler, 130 S. Ct. at 1173-74.

A state court decision is "an unreasonable application of clearly established Federal law" when "the state court identifies the correct governing legal rule from [Supreme Court] cases, but unreasonably applies it to the facts of the particular . . . case," or when "the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 407. Accord Thaler, 130 S. Ct. at 1173-74; Tong Xiong v. Felker, 681 F.3d 1067, 1074 (9th Cir. 2012). The "unreasonable application" clause "requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable."

Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted); accord Tong Xiong, 681 F.3d at 1074.

For purposes of § 2254(d)(2), a state court's determination of the facts may be deemed "unreasonable" only if the federal district court is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record before the state court." Detrich v. Ryan, 677 F.3d 958, 972 (9th Cir. 2012) (quoting Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir. 2004) (brackets omitted)). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Cooper v. Brown, 510 F.3d 870, 919 (9th Cir. 2007) (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1)).

Nor may a writ of habeas be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Finally, relief may be granted on a federal habeas petition only if the state court error caused "actual prejudice" or had a "substantial and injurious effect or influence" in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). In other words, relief may not be granted if a petitioner shows only a reasonable possibility that an error contributed to the verdict. Id.

8

IV.     ANALYSIS.

Thompson seeks relief on two grounds.  First, based on
Oregon v. Kennedy, 456 U.S. 667 (1982), he argues that the state
courts should have examined the prosecutor's subjective intent in
asking Thompson about pubic hair in his car and should have found
that, because the prosecution intended to cause a mistrial, a
retrial was barred by the double jeopardy clause of the Fifth
Amendment of the United States Constitution.  Second, based on
Apprendi v. New Jersey, 530 U.S. 466 (2000), Thompson argues that
he was deprived of his right under the Fourteenth Amendment of
the United States Constitution to due process and his Fifth
Amendment right to notice and a jury trial when the trial court
extended his sentence beyond the statutory maximums for his
convictions based on facts not found by a jury.

### A.     The State's Exhaustion Arguments are Barred by the Law of the Case Doctrine.

As an initial matter, the State argues that Thompson's
claims are barred because he failed to exhaust his remedies in
state court with respect to those claims.  This court, however,
has already ruled that Thompson's Kennedy and Apprendi claims
have been exhausted.  In its order staying this action, this
court noted that Thompson had asserted his Kennedy claim on
direct appeal to the Hawaii Supreme Court.  Order Staying Action
at 5.  With respect to his Apprendi claim, this court explained
that Thompson had explicitly presented that claim in his Rule 40

9

petition, and implicitly presented it in his petition for
certiorari to the Hawaii Supreme Court.  Id. at 6-7.  This court
also explained that any failures by Thompson to cite to federal
law in his direct appeal and Rule 40 petition were excused under
the futility doctrine.  Id. at 8.

Acknowledging that this court has already ruled on the
exhaustion issues, the State asks this court to reconsider its
rulings.  The court declines to do so.  Under the doctrine of
"law of the case," a court is generally precluded from
reconsidering an issue that has already been decided by the same
court, or a higher court in the identical case.  United States v.
Jingles, 682 F.3d 811, 816 (9th Cir. 2012); Rebel Oil Co. v.
Atlantic Richfield Co., 146 F.3d 1088, 1093 (9th Cir. 1998).  The
doctrine applies when the issue in question has been decided
explicitly or by necessary implication in the previous
disposition.  Id.  The exhaustion issues in this case were
explicitly decided in this court's stay order.

This court has discretion to decline to apply the law
of the case doctrine only when "1) the first decision was clearly
erroneous; 2) an intervening change in the law has occurred; 3)
the evidence on remand is substantially different; 4) other
changed circumstances exist; or 5) a manifest injustice would
otherwise result."  United States v. Alexander, 106 F.3d 874, 876

(9th Cir. 1997).  The State does not argue or demonstrate that any of these circumstances exists.

Moreover, Thompson conceivably could have asked this court to reconsider its ruling by filing a motion for reconsideration under Local Rule 60.1.  Local Rule 60.1 provides, "Motions for reconsideration of interlocutory orders may be brought upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."  Local Rule 60.1 further requires a reconsideration motion to be brought "not more than fourteen (14) days after the court's written order is filed." The State has not timely availed itself of a reconsideration motion under Local Rule 60.1, and this court declines to treat a response to Thompson's petition as a proper vehicle for seeking untimely reconsideration of earlier rulings stating that Thompson has exhausted his <u>Kennedy</u> and <u>Apprendi</u> claims in state court.

### B.    Thompson's Retrial Was Not Barred by the Double Jeopardy Clause.

The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions of the same offense.  <u>Kennedy</u>, 456 U.S. at 672.  Although "[d]ouble jeopardy ordinarily does not apply if a defendant obtains a mistrial," a "narrow exception . . . exists where the government engages in prosecutorial misconduct 'intended to provoke the defendant into moving for a mistrial.'"  <u>United States v. Lewis</u>,

11

368 F.3d 1102, 1108 (9th Cir. 2004) (quoting <u>Kennedy</u>, 456 U.S. 667, 679 (1982)). "This exception prevents prosecutors from sinking a case they knew was doomed to end in an acquittal in the hope of having better luck before a second jury." <u>Id.</u>

"Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on [a] defendant's motion, . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." <u>Kennedy</u>, 456 U.S. at 675-76. A court is to make a factual finding that the prosecutor actually intended to cause the defendant to move for a mistrial. <u>Id.</u> at 675.

Thompson argues that the Hawaii Supreme Court's affirmance of his conviction and sentence on direct appeal is contrary to the rule set forth in <u>Kennedy</u> because the Hawaii Supreme Court allegedly failed to actually apply the <u>Kennedy</u> test. Thompson complains that the Hawaii Supreme Court instead applied its own test to determine whether double jeopardy barred retrial in the face of prosecutorial misconduct.

This court does not view the state courts as having acted contrary to federal double jeopardy law. In its summary disposition order on direct appeal, the Hawaii Supreme Court stated: "[B]ased on <u>State v. Pacheco</u>, 96 Hawai`i 83, 97-98, 26 P.3d 572, 586-87 (2001), we hold that the trial court did not

err in denying Appellant's motion to dismiss based on prosecutorial misconduct." Index at Ex. T at 3. In <u>Pacheco</u>, the Hawaii Supreme Court, holding that a prosecutor's misconduct did not bar a retrial based on double jeopardy, applied the test it had set forth in <u>Hawaii v. Rogan</u>, 97 Haw. 405, 984 P.2d 1231 (1999). Under <u>Rogan</u>, "reprosecution of a defendant after a mistrial . . . as a result of prosecutorial misconduct is barred where the prosecutorial misconduct is so egregious that, from an objective standpoint, it clearly denied a defendant his or her right to a fair trial." <u>Pacheco</u>, 96 Haw. at 98, 26 P.2d at 587 (quoting <u>Rogan</u>, 91 Haw. at 423, 984 P.2d at 1249).

The Hawaii Supreme Court in <u>Rogan</u> said it was adopting a more objective standard than set forth by the United States Supreme Court in <u>Kennedy</u>. 91 Haw. at 424, 984 P.2d at 1248. In the Hawaii Supreme Court's view, "the specific intent standard [in <u>Kennedy</u>] does not adequately afford criminal defendants protection from prosecutorial misconduct," as a defendant would seldom be able to prove that a prosecutor had the specific intent to goad a defendant into moving for a mistrial. <u>Id.</u> Thus, the Hawaii Supreme Court gave "broader protection under the Hawai'i Constitution than that given by the federal constitution" and held that "reprosecution is barred where, in the face of egregious prosecutorial misconduct, it cannot be said beyond a

reasonable doubt that the defendant received a fair trial." _Id._
at 423, 984 P.2d at 1249.

The Hawaii Supreme Court's _Rogan_ test encompasses the
United States Supreme Court's _Kennedy_ test. Under _Rogan_, the
Hawaii Supreme Court looks for "egregious" misconduct. A
prosecutor's specific intent to goad a defendant into declaring a
mistrial qualifies as the kind of egregious conduct warranting
double jeopardy protection. In applying the _Rogan_ test in
Thompson's case, the Hawaii Supreme Court in no way provided less
than _Kennedy_. Far from being contrary to _Kennedy_, Rogan included
the _Kennedy_ test and added to it. For that reason, Thompson is
notably thin on what specifically in his case appeared benign or
not so egregious as to trigger the double jeopardy bar when
viewed objectively under _Rogan_, but that surely would have
justified a new trial if only it had been viewed subjectively
under _Kennedy_.

Thompson argues that, even if _Rogan_ is not contrary to
_Kennedy_, this court should conclude that the double jeopardy bar
was violated because the Hawaii Supreme Court's decision was an
unreasonable application of _Kennedy_. Thompson contends that, by
failing to address this subject, the State has waived any
argument concerning it. _See_ Reply to Answer to Amended Petition
for Writ of Habeas Corpus at 7, ECF No. 75. While the State does
indeed say in footnote 5 of its responsive memorandum that the

14

"unreasonable application" requirement is "not at issue," that
does not mean that Thompson automatically prevails on this basis.
Answer at 26.  Thompson, as the party seeking relief, still has
the burden of establishing his entitlement to relief on the
"unreasonable application" basis.  He fails to meet this burden.

In denying Thompson's motion to dismiss the indictment
on double jeopardy grounds, the trial court concluded that the
prosecutor's question about the pubic hair in Thompson's car was
not reasonably calculated to cause a mistrial.[1]  Index at Ex. J
at 3.  Based on this conclusion, the trial court held that
Thompson's mistrial was not barred by double jeopardy.  This was
neither an unreasonable application of <u>Kennedy</u> as a legal matter
under § 2254(d)(1), nor an unreasonable determination as a
factual matter under § 2254(d)(2).

Under § 2254(e), a trial court's factual findings are
presumed correct, and the petitioner has the burden of rebutting
that presumption by clear and convincing evidence.  Thompson does
not meet that standard here.

The trial court found that the prosecutor's questioning
leading up to the improper question indicated that the question

---

[1]  At that time, Hawaii law barred retrial when the
defendant moved for mistrial based on prosecutorial misconduct
that was "designed to avoid an acquittal" or intended to deny the
defendant his or her constitutional right to a fair trial.  <u>See</u>
<u>Hawaii v. Baranco</u>, 77 Haw. 351, 355, 884 P.2d 729, 733 (1994).
<u>Rogan</u>, decided subsequently, articulated a standard that the
Hawaii Supreme Court applied on Thompson's appeal.

was not calculated to provoke a mistrial.  Index at J at 2-3.
The prosecutor had asked about a number of items that had been
placed into evidence, including "tape liftings" of trace evidence
from Thompson's car.  Id.  The prosecutor's improper question was
in reference to one of those "tape liftings" that had hair stuck
to it.  Id.

　　　　The trial court had also earlier ruled in a minute
order that the improper question was not asked to provoke a
mistrial.  Index at Ex. H at Ex. A.  The trial court, having had
ample opportunity to see the prosecutor in action, noted that the
prosecutor's conduct until that point had been proper.  Id.  The
prosecutor offered as justification for the question his belief
that it was obvious that the hair on the tape was pubic hair.
See Index at WW at 8.  While the trial judge, like Thompson's
trial counsel, rejected the proposition that the type of hair was
obvious to a lay person, the trial judge appears to have found
credible the prosecutor's assertion of the prosecutor's belief.

　　　　Thompson argues that the trial court should have found
specific intent because, Thompson says, it was apparent that the
prosecution wanted to try the case anew given how weak its
presentation had allegedly been.  But even if the prosecution's
case was weak, this would not establish that the prosecutor
intended to provoke Thompson into seeking a mistrial.  Nothing in
the record indicates that the prosecutor subjectively thought his

16

case was weak.  It is only under the objective <u>Rogan</u> standard,
which Thompson complains violates <u>Kennedy</u>, that one might
conclude that the prosecution must have been seeking a mistrial.
Thus, for example, Thompson says that the prosecutor knew or
should have known that, in <u>Hawaii v. Fukusaku</u>, 85 Haw. 462, 946
P.2d 32 (1997), the Hawaii Supreme Court had held that hair
analysis was a proper subject for expert testimony.  But "should
have known" goes to an objective standard, not to the subjective
standard that Thompson claims should have been applied.

Moreover, Thompson appears to be reading <u>Fukusaku</u> as
barring any nonexpert testimony as to hair, which is more than
<u>Fukusaku</u> held.  <u>Fukusaku</u> affirmed a trial judge's decision to
admit expert testimony on hair analysis without requiring proof
of the reliability of the analysis.  <u>Fukusaku</u> did not go so far
as to require expert testimony on everything having to do with
hair.  This court is by no means saying that a lay person could
correctly determine on mere visual examination that the hair in
the "tape lifting" in Thompson's case was pubic hair.  This court
is instead questioning whether the prosecution knew or should
have known based on <u>Fukusaku</u> that expert testimony was required
in that regard.

Even applying the subjective standard Thompson says
should have been applied, the record does not establish an intent
to cause a mistrial.  Moreover, in making what was apparently a

17

credibility finding as to the prosecutor's intent, the trial court was evaluating the prosecutor using the very subjective standard Thompson argues was required.

Under § 2254, this court must be "particularly deferential" to a state court's factual findings. <u>Taylor v. Maddox</u>, 366 F.3d 992, 999-1000 (9th Cir. 2004). It was not unreasonable for the trial court to determine that the prosecutor lacked the specific intent necessary for double jeopardy to bar Thompson's retrial.

Under either the "contrary to" or the "unreasonable application" prong of § 2254(d)(1), or the "unreasonable determination of the facts" test of § 2254(d)(2), Thompson is not entitled to relief based on his double jeopardy claim.

**C.  Thompson's Sentence is Contrary to <u>Apprendi</u>.**

Thompson next contends that the extension of his sentence beyond the statutory maximum was contrary to the Supreme Court's holding in <u>Apprendi</u>. Although the State says that Thompson's claims are without merit, it presents no argument in opposition to Thompson's <u>Apprendi</u> claim. It states: "In the event this Court discounts Respondents' position that Thompson failed to exhaust his <u>Apprendi</u> claim in the state courts, Respondents assume that this Court will consider itself bound by the Ninth Circuit Court of Appeals' decision in <u>Kaua v. Frank</u>, 436 F.3d 1057 (9th Cir. 2006)." Answer at 34. Indeed, this

18

court is bound by <u>Kaua</u>, as well as <u>Apprendi</u>, and agrees with Thompson that his sentence violates federal law under those precedents.

In <u>Apprendi</u>, 530 U.S. at 490, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." That holding applies both to elements of a crime and sentencing factors. "[T]he relevant inquiry is one not of form, but of effect--does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" <u>Id.</u> at 494.

In <u>Kaua</u>, 436 F.3d at 1060-62, the Ninth Circuit held that the extended sentencing law in effect when Thompson was sentenced in 2001, Haw. Rev. Stat. § 706-662(4), violated <u>Apprendi</u>. Before <u>Kaua</u>, the Hawaii Supreme Court had interpreted section 706-662(4) as requiring the sentencing court to apply a two-step process. <u>Id.</u> at 1059. First, the sentencing court was to find that the defendant fell within the class of "multiple offenders" subject to an extended sentence. <u>Id.</u> Second, the sentencing court was to determine whether an extended sentence was necessary for the protection of the public. <u>Id.</u> The second inquiry required the court to find facts outside those found by the jury and exposed the defendant to an increased sentence. <u>Id.</u>

at 1060.  The Ninth Circuit held:  "Because <u>Apprendi</u> held that

any fact other than the fact of a prior conviction that increases

the penalty for a crime beyond the prescribed statutory maximum

must be submitted to a jury and proved beyond a reasonable doubt,

. . . a jury must find the facts required to satisfy step two."

<u>Id.</u>  Thus, in <u>Kaua</u>, the sentencing court's finding that an

extended sentence was necessary to protect the public was

improper, and the Hawaii Supreme Court's affirmance of Kaua's

extended sentence was contrary to <u>Apprendi</u>.  <u>Id.</u> at 1062.

In Thompson's case, after finding that Thompson was a

multiple offender under section 706-662(4), the sentencing court

similarly found that an extended sentence was necessary for the

protection of the public.  It based its finding on a number of

specific facts, including the significant traumatization of

Thompson's victims and the alarm caused within the community.

Index at Ex. A at 5.  Thompson's sentencing, as well as his Rule

40 petition to the circuit court,[2] occurred after <u>Apprendi</u> was

decided.  Thus, Thompson's extended sentence and the state

---

[2] Thompson did not challenge his extended sentence on
appeal of the denial of his Rule 40 petition.  He explained in
his certiorari petition to the Hawaii Supreme Court that he did
not pursue that claim because it had been foreclosed by Hawaii
Supreme Court precedent.  Indeed, even after the Ninth Circuit's
ruling in <u>Kaua</u> on January 11, 2006, the Hawaii Supreme Court
maintained its position that section 706-662(4) was
constitutional.  <u>See</u> <u>Hawaii v. White</u>, 110 Haw. 79, 129 P.3d 1107
(2006) (decided on March 10, 2006).  Thompson filed his Rule 40
appeal on June 14, 2006.  Index at Ex. W.

court's denial of his Rule 40 petition with respect to his extended sentence violated Apprendi and represented "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

The Apprendi error in this case was not harmless. Under the harmless error test, a court is to determine if the constitutional error in issue had "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). An error is not considered harmless "[w]hen a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had a substantial and injurious effect or influence in determining the jury's verdict." O'Neal v. McAninch, 513 U.S. 432, 436, (1995) (internal quotation marks omitted). "Grave doubt" exists if, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." Id. at 435. In other words, an uncertain judge should treat the error as if it had a "substantial and injurious effect or influence" on the outcome and should therefore find the error to have been harmful. Id. at 435-36. Although Thompson was convicted of over twenty counts of sexual assault, a reasonable jury could have considered the statutory maximum sentence, twenty years in prison,

sufficient.  The record does not indicate that Thompson had prior convictions.  Because this court cannot say that the <u>Apprendi</u> error was harmless, the petition is granted with respect to the extended sentence.

**V.       CONCLUSION.**

The court GRANTS in part Thompson's petition for relief under 28 U.S.C. § 2254.  The State of Hawaii is directed to resentence Thompson in a manner consistent with this order.  In all other respects, the petition is DENIED.  The Clerk of Court is directed to enter judgment in Thompson's favor with respect to the sentence and to close this case.  The attorneys of record in this case are directed to ensure that the state court is notified of this ruling, and the Clerk of Court is additionally directed to send a certified copy of this order to the Clerk of the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 29, 2012.



  /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

<u>Thompson v. Thomas</u>; Civil No. 08-00218 SOM-KSC; ORDER GRANTING IN PART PETITIONER'S 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

22